Dear Mr. Wright:
This office is in receipt of your request for an opinion of the Attorney General in regard to commissioned river pilots in Lake Charles being excused from service on local jury duties.
Under Chapter 6, Part III of Title 34, Navigation and Shipping, is Pilots on Navigable Streams, Channels and Other Waters in General which includes R.S. 34:1071 et seq. While this Part does not apply to Orleans Parish, port of New Orleans nor any other pilot's association in the Mississippi River, it does provide the River Port Pilot Commissioners and Examiners shall have authority to recommend to the Governor for appointment persons competent to fulfill the duties of river pilots within their localities.
The exemptions from jury duty under R.S. 13:3042 and C.Cr.P. Art. 403 are those provided by the rules of the Louisiana Supreme Court, and Rule 25, wherein it states classes that are exempt from jury service, includes as follows:
 Public officers in the executive, legislative, or judicial branches of the Government of the United States, or the State, or any subdivision thereof, who are actively engaged in the performance of official duties.
As observed in Atty. Gen. Op. No. 89-153 with reliance upon Kotch V. Board of River Port Pilot Com'ers for Port of New Orleans, 209 La. 737, 25 So.2d 527 (1946). pilots are state officers created by the Legislature, and it was concluded as state officers the bar pilots who are actively engaged in the performance of official duties are exempt from jury service.
The logic of this conclusion applies equally to the pilots appointed by the governor for Lake Charles.
We hope this sufficiently answers your question and that you will relay this information to Captain Malcolm Gillis, President of the Lake Charles Pilots, Inc. If we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR